Zhang v. Lynch
BIA
Christensen, IJ
A201 160 560

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand sixteen.

PRESENT:
        ROBERT D. SACK,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

MING ZHANG,
        *Petitioner,*

        v.                                    15-135
                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Gerald Karikari, New York,
                       New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Linda S.
                       Wernery, Assistant Director;
                       Gregory M. Kelch, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ming Zhang, a native and citizen of the People's Republic of China, seeks review of a December 18, 2014, decision of the BIA, affirming a November 22, 2013, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ming Zhang,* No. A201 160 560 (B.I.A. Dec. 18, 2014), *aff'g* No. A201 160 560 (Immig. Ct. N.Y. City Nov. 22, 2013).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness."  *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).  The applicable standards of review are well established.  8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without

2

regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zhang was not credible.

The agency reasonably relied on discrepancies between Zhang's testimony and his mother's affidavit regarding his mother's residence. *See Xiu Xia Lin*, 534 F.3d at 165-67. His mother's 2012 affidavit stated that she was residing at the address of the house that Zhang testified Chinese government officials had confiscated and demolished in 2009. Zhang's explanations for this inconsistency are not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). The veracity of his mother's affidavit is further impugned by the striking similarities between it and Zhang's own written statement. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006). Although Zhang testified that he had not shared or discussed his statement with his mother, both statements detail Zhang's interactions with police using identical paragraph structure and language, and present the information in exactly the same order. Zhang was given an opportunity to explain these similarities as required, *see Matter of R-K-K-*,

3

26 I. & N. Dec. 658, 661 (B.I.A. 2015), but his explanation that the similarities were coincidental because he and his mother experienced the same events was not compelling, *see Majidi*, 430 F.3d at 80.

Given the inconsistency regarding his mother's residence and the striking similarities between his statement and his mother's affidavit, both of which relate to the basis of his claim, the agency reasonably found Zhang not credible.* *See Xiu Xia Lin*, 534 F.3d at 165-66. That finding is dispositive of Zhang's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative bases for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

---

* We credit Zhang's explanation that a translation error caused an inconsistency regarding his father's residency in Spain. Nevertheless, remand is unnecessary because the IJ's other findings constitute substantial evidence to support the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile when we can "confidently predict" that the agency would reach the same decision absent any errors).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk